IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | C.R. NO. C-07-579M |
| | § | |
| CARLOS GARCIA | § | |

### ORDER DENYING MOTION FOR A BOND HEARING

Defendant was charged with transporting undocumented aliens in violation of 8 U.S.C. § 1324.  (D.E. 1).  On October 9, 2007, at his initial appearance, defendant presented a CJA Form 23, requesting a court-appointed counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.

### BACKGROUND

During the initial appearance, a discussion was conducted regarding the information that defendant provided on his financial affidavit form.  He revealed that he had not worked for two and a half years, but that he currently receives $860 per month in disability benefits.  He owns a home in San Benito, Texas valued at $57,000.  He also owns a 2001 Ford Explorer valued at $17,000.  Finally, he revealed that he pays $500 per month for his mortgage and $400 per month as a car payment on a balance of $4,000.  Based on this information, his request for a court-appointed attorney was granted, and the Federal Public Defender was appointed to represent him.

In determining whether a bond was appropriate for defendant, Pretrial Services prepared a report.  It noted that in addition to the home in San Benito that defendant previously revealed, he also owns free and clear a second home valued at $24,984 by the Cameron County Appraisal

District.[1]  He and his wife owns free and clear a home in Houston valued at $138,667 by the Harris County Appraisal District.

The Texas Department of Public Safety records indicated that defendant has clear title to a 1995 Ford Explorer as well as a 1993 Refrigerator Van and a 1997 Volvo tractor trailer.  At an October 11, 2007 hearing, defendant indicated through counsel that he had sold all three vehicles.  He indicated that he sold the 1995 Ford Explorer about a year ago.  Furthermore, he indicated that he sold the tractor and trailer within the last fifteen days for a combined total of $10,000 of which he has already received $2,000.  He does not have any paperwork from this transaction, nor can he provide the full name of the person who purchased them both.  He further indicated that he is no longer in possession of the tractor and trailer.

## DISCUSSION

Pursuant to Rule 44 of the Federal Rules of Criminal Procedure, "[a] defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding."  Fed. R. Crim. P. 44(a).  However, representation by a court-appointed attorney may be terminated: "If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate."  18 U.S.C. § 3006A(c); see also 18 U.S.C. § 3006A(f) ("Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of the person furnished

---

[1] The Cameron County Appraisal District valued the San Benito home that defendant disclosed at his initial appearance at $59,226.

representation, it may authorize or direct that such funds be paid ... to the court for deposit in the Treasury as a reimbursement.").

Courts are to assess whether criminal defendants are financially able to pay for their own defense based on present circumstances.  See United States v. Jimenez, 600 F.2d 1172, 1174 (5th Cir. 1979).  "The Criminal Justice Act of 1964 requires the court to make an appropriate inquiry into the defendant's financial status to determine whether the defendant is entitled to appointed counsel.  No particular method of determining the defendant's means ... required by the Act." United States v. Foster, 867 F.2d 838, 841 (5th Cir. 1989).  Defendant has the burden of establishing that he is financially unable to retain a defense attorney.  Id.

As one court noted, "[i]t is certainly true that a defendant is not required to sink into destitution before becoming entitled to an appointed counsel."  United States v. Humes, No. 87 CR 364-5, 1987 WL 17827, at *2 (N.D. Ill. Sept. 22, 1987).  However, in this case, defendant owns two homes free and clear with a total appraised value in excess of $163,000.  Although he is paying a mortgage on a remaining home in which he resides, he still has ten years' worth of equity based on payments and appreciation in that home.  Regardless of the value and ownership of the various vehicles that were not disclosed on the financial affidavit form, defendant has ample resources to enable him to financially afford to pay for his defense attorney.

## CONCLUSION

Accordingly, the order appointing defendant an attorney is vacated. The representation by the Federal Public Defender is terminated.

ORDERED this 11th day of October 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE